UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SUMAN DEWAN GUPTA, NEEL DEWAN GUPTA, JAGAN DEWAN GUPTA, and NARINDER M. GUPTA, M.D., | * * * | Civil Action |
| PLAINTIFFS | * | Case No. |
| ~ vs. ~ | * * | Section |
| MERRILL LYNCH F/K/A MERRILL LYNCH & CO., INC., A SUBSIDIARY OF BANK OF AMERICA, MERRILL LYNCH BANK AND TRUST COMPANY (CAYMAN) LIMITED, and ANIL K. CHATURVEDI, *Individually*, | * * * * * | **COMPLAINT** |
| DEFENDANTS | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

NOW INTO COURT, come the Plaintiffs Suman Dewan Gupta, Neel Dewan Gupta, Jagan Dewan Gupta, and Narinder M. Gupta, M.D. (hereinafter "GUPTA FAMILY"), all of whom are of majority age and domiciled in Orleans Parish, State of Louisiana, who bring this complaint for the reasons, to wit:

I. PARTIES

Made a defendant herein, Merrill Lynch, formerly known as Merrill Lynch & Co., Inc., a subsidiary of Bank of America (hereinafter "MERRILL LYNCH"), a foreign corporation with its principal executive office in Charlotte, North Carolina and is authorized and doing business throughout the United States territories.

II.

Made a defendant herein, Merrill Lynch Bank and Trust Company (Cayman) Limited, upon information and belief, a holding company of Merrill Lynch located in the Cayman Islands.

1

III.

Made a defendant herein, Anvil K. Chaturvedi, a person of majority age who upon information and belief is domiciled in New York, New York and who was employed by Merrill Lynch as a securities broker (CRD# 2421737) from October 1993 up until his voluntary resignation on July 13, 2011.

IV. JURISDICTION AND VENUE

This Honorable Court has jurisdiction by diversity of citizenship pursuant to 28 U.S.C.A. § 1332. The amount in controversy is in excess of SEVENTY-FIVE THOUSAND DOLLARS AND NO/100 ($75,000.00).

V. BACKGROUND INFORMATION

Narinder M. Gupta, M.D. (hereinafter "Dr. Gupta") was a member of the Association of Indian Physicians from 1990 through 2001. During this time frame he met with defendant Anil K. Chaturvedi (hereinafter "Chaturvedi") who was employed as a broker and agent of Merrill Lynch for purposes of wealth management strategies which would directly benefit his two boys and provide sufficient funds and security for them to attend medical school.

VI.

Defendant Chaturvedi recommended for Dr. Gupta to fund a family trust which would become known as the "NOVA SCOTIA".

VII.

Defendant Chaturvedi further recommended that a close relative be designated to establish a revocable trust for the benefit of the Gupta Family.

VIII.

Dr. Gupta's auntie, Pushpa Bajaj (hereinafter "SETTLOR"), a person of majority age who was domiciled in New Delhi, India at the time she passed away on May 23, 2002.

IX.

Defendant Chaturvedi was personally responsible for getting the Novia Scotia trust established by getting Pushpa Bajaj to sign the trust documents as Settlor and funded by Dr. Gupta.

X.

Defendant Chaturvedi was notified by Dr. Gupta on or shortly after May 23, 2002 that his auntie had passed away.

XI.

Defendant Chaturvedi told Dr. Gupta upon learning of the death of Pushpa Bajaj that no action was needed and that he would continue to take care of the Nova Scotia trust.

XII.

During the fall of 2007 or sometime shortly thereafter, Dr. Gupta instructed defendant Chaturvedi to terminate the Nova Scotia trust.

XIII.

The purpose for which the Nova Scotia trust had been established was met during the fall of 2007 or shortly thereafter as Dr. Gupta's sons, Neel and Jagan Gupta, had both just finished their internships and were offered residencies in radiology at Tulane University Medical Center.

XIV.

Sometime during the month of June 2008, defendant Chaturvedi sent a letter to Dr. Gupta with options for terminating the Nova Scotia trust.

XV.

On March 15, 2009, defendant Chaturvedi and Dr. Gupta had a telephone conversation wherein Chaturvedi advised that he would need to visit in person with Dr. Gupta in New Orleans, Louisiana to specifically discuss matters pertaining to the Nova Scotia trust.

XVI.

As of July 4, 2012, the Nova Scotia trust still has not been terminated and the principal and fruits thereof distributed to the Gupta family even though numerous requests have been made by Dr. Gupta to Merrill Lynch and its agent and former employee, Anil K. Chaturvedi, have been made.

XVII.

Upon information and belief, defendant Chaturvedi, abruptly and voluntarily resigned from Merrill Lynch which stemmed from an internal review and investigation of allegations which include but were not limited to: (1.)forged, altered or manipulated documents or records; (2.) violating the Merrill Lynch's written communications policy; (3.) failure to comply with Merrill Lynch's policies relating to customer complaints; and (4.) failure to be forthcoming in Merrill Lynch's internal review.

XVIII.

All communications by the Gupta Family and its relative, Pushpa Bajaj, concerning the NOVA SCOTIA trust were done with defendant Chaturvedi, an employee and agent of Merrill Lynch.

XVIX.

Neither the Gupta Family nor its relative, Pushpa Bajaj, ever communicated with defendant MERRILL LYNCH BANK AND TRUST COMPANY (CAYMAN) LIMITED.  However, upon information and belief, defendant Chaturvedi and Merrill Lynch may have placed some or all of the Nova Scotia trusts funds with defendant MERRILL LYNCH BANK AND TRUST COMPANY (CAYMAN) LIMITED.

XX.    RELIEF SOUGHT

The Gupta family specifically seeks to have the Nova Scotia trust terminated and all principal and fruits thereof distributed in accordance with any applicable state and federal laws.

XXI.

The Gupta family specifically requests that any and all damages allowed under the applicable state and federal laws be awarded to them from any loss of value in the Nova Scotia trust as a result of Merrill Lynch's failure to adequately supervise its employee broker and agent, Anil K. Chaturvedi.

WHEREFORE, the Plaintiffs pray that this Honorable Court enter judgments against the Defendants MERRILL LYNCH F/K/A MERRILL LYNCH & CO., INC., A SUBSIDIARY OF BANK OF AMERICA, MERRILL LYNCH BANK AND TRUST

COMPANY (CAYMAN) LIMITED, and ANIL K. CHATURVEDI, *Individually,* and in favor of the GUPTA FAMILY to include: (1.) liquidation and distribution of the NOVA SCOTIA trust principal and fruits thereof; and (2.) any and all damages allowed under the applicable state and federal laws.

                Respectfully submitted:

                __/S/_____
                Barry J. Cooper, Jr. (LSBA No. 27202)
                **COOPER LAW FIRM, LLC**
                365 Canal Street, Suite No. 2850
                New Orleans, Louisiana  70130
                (504) 593-9600 Telephone
                (504) 593-9601 Facsimile
                E-Mail:  bcooper@smithstag.com

                and -

                Stuart H. Smith (LSBA No. 17805)
                **SMITH STAG, LLC**
                365 Canal Street, Suite No. 2850
                New Orleans, Louisiana  70130
                (504) 593-9600 Telephone
                (504) 593-9601 Facsimile
                E-Mail:  ssmith@smithstag.com

                **ATTORNEYS FOR PLAINTIFFS, SUMAN DEWAN GUPTA, NEEL DEWAN GUPTA, JAGAN DEWAN GUPTA, and  NARINDER M. GUPTA, M.D.**