UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


| | |
|---|---|
| SUMAN GUPTA, ET AL. | CIVIL ACTION |
| VERSUS | NO: 12-1787 |
| MERRILL LYNCH, ET AL. | SECTION: "H"(5) |

### ORDER AND REASONS

Before the Court is a Motion for a More Definite Statement (R. Doc. 23) filed by Defendant Merrill Lynch & Co., Inc. ("ML&Co.") and a Motion to Dismiss or in the Alternative to Compel Arbitration or in the Alternative to Transfer Venue (R. Doc. 34) filed by Defendant Anil Chaturvedi ("Chaturvedi"). For the following reasons, the motions are DENIED.

### BACKGROUND

This dispute arises from the alleged mismanagement of a trust—the Nova Scotia Limited

1

(the "Trust").  The Trust is based in the Cayman Islands and was settled by Pushpa Bajaj ("Bajaj") on April 10, 2011.  The beneficiaries are Plaintiffs Suman Gupta, Neel Gupta, Jagan Gupta, and Narinder Gupta, and the trustee is Defendant Merril Lynch Bank & Trust Company ("MLBT"). Merril Lynch, Pierce, Fenner & Smith, Incorporated ("MLPFS") services the investments contained in the Trust pursuant to an International Account Application and Agreement (the "CMA").  The Trust is the only party that signed the CMA.  The CMA contains an arbitration provision.

Prior to the institution of this action, the Gupta Family allegedly communicated all orders with respect to the Trust through Chaturvedi—a securities broker employed by MLPFS. On or shortly after May 23, 2002, Plaintiffs notified Chaturvedi that Bajaj passed away.  Approximately five years later, Narinder Gupta instructed Chaturvedi to terminate the Trust.  Plaintiffs aver that Chaturvedi failed to honor this request, as well as several subsequent requests for termination. Plaintiffs further allege that Chaturvedi and ML&Co. placed some or all of the Trust funds with MLBT.

On July 10, 2012, Plaintiffs filed suit against Chaturvedi, MLBT, and ML&Co.  (R. Doc. 1.) MLPFS was not named as a Defendant.  Plaintiffs seek to terminate the Trust and have the principal and fruits thereof distributed.  (*Id.* at ¶XX.)  They also seek to recover against ML&Co. for "failure to adequately supervise its employee broker and agent, Anil K. Chaturvedi."  (*Id.* at ¶XXI.)

On October 9, 2012, ML&Co. filed a Motion for a More Definite Statement (R. Doc. 23), which Plaintiffs opposed on October 29, 2012 (R. Doc. 28).  ML&Co. filed a reply on November 7,

2012 (R. Doc. 39). On November 2, 2012, Chaturvedi filed a Motion to Dismiss, or in the Alternative to Compel Arbitration, or in the Alternative to Transfer Venue (R. Doc. 34), which Plaintiffs opposed on December 10, 2012 (R. Doc. 58). Chaturvedi filed a reply on December 18, 2012 (R. Doc. 61). The Court heard oral argument on January 30, 2013, after which the Motions were taken under submission. (R. Doc. 70.)

**LEGAL STANDARD**

I.   <u>Motion for a More Definite Statement—Fed. R. Civ. P. 12(e)</u>

A district court will grant a motion for a more definite statement under Rule 12(e) when the challenged pleading "is so vague or ambiguous that the [moving] party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). The moving party "must point out the defects complained above and the details desired." *Id.*

"When evaluating a motion for a more definite statement, the Court must assess the complaint in light of the minimal pleading requirements of Rule 8." *Babcock & Wilcox Co. v. McGriff, Siebels & Williams, Inc.*, 235 F.R.D. 632, 633 (E.D. La. 2006). Rule 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted).

3

In light of the liberal pleading standard set forth in Rule 8(a), Rule 12(e) motions are disfavored. *See Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 132 (5th Cir. 1959); *Who Dat Yat Chat, LLC v. Who Dat, Inc.*, No. 10–1333, 10–2296, 2012 WL 2087439, at *6 (E.D. La. June 8, 2012). This Court "has considerable discretion in deciding whether to grant a Rule 12(e) motion." *Murungi v. Texas Guaranteed*, 646 F. Supp. 2d 804, 811 (E.D. La. 2009) (citations omitted).

II.      Motion to Dismiss—Fed. R. Civ. P. 12(b)(1) or 12(b)(3)?

Chaturvedi styled his motion to dismiss based on the arbitration clause in the CMA as a Rule 12(b)(1) *or* Rule 12(b)(3) motion. The Fifth Circuit has repeatedly declined to address the proper procedural vehicle for bringing such motions. *Noble Drilling Servs., Inc. v. Certex USA, Inc.*, 630 F.3d 469, 472 n.2 (5th Cir. 2010) (collecting cases). Because the Fifth Circuit has accepted Rule 12(b)(3) as a proper method for dismissal based on an arbitration clause, *see, e.g.*, *id.*; *Lim v. Offshore Specialty Fabricators, Inc.*, 404 F.3d 898, 902 (5th Cir. 2005), the Court analyzes Plaintiffs' motion under Rule 12(b)(3). *See also Sinners and Saints, LLC, v. Noire Blanc Films, LLC*, No. 12–866, 2013 WL 1335732 (E.D. La. Mar. 29, 2013) (assessing motion to dismiss based on arbitration clause under Rule 12(b)(3) where parties moved to dismiss under Rule 12(b)(1) or Rule 12(b)(3)).

On a Rule 12(b)(3) motion to dismiss for improper venue, the court must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff. *Braspetro Oil Servs. Co. v. Modec (USA), Inc.*, 240 F. App'x 612, 615 (5th Cir. 2007) (per curiam) (citations omitted); *Ross v. Digioia, Jr.*, No. 11–1827, 2012 WL 72703, at *2 (E.D. La. Jan. 10, 2012). In deciding such motions,

the Court may examine all evidence in the record. *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009) (citations omitted).

When venue is challenged, district courts in the Fifth Circuit have been inconsistent in allocating the burden of proof. *See Uviado, LLC v. United States*, 755 F. Supp. 2d 767, 779 n.7 (S.D. Tex. 2010) (acknowledging the split in authority); *Ross*, 2012 WL 72703, at *2 n.4 (same). Most courts in this District, however, hold that a plaintiff bears the burden of proof. *See, e.g.*, *Summer v. Kenton, OH Policea*, No. 11–3162, 2012 WL 1565363, at *4 (E.D. La. May 2, 2012); *Vaughn Med. Equip. Repair Serv. LLC v Jordan Reses Supply Co.*, No. 10–00124, 2010 WL 3488244, at *4 (E.D. La. Aug. 26, 2010); *Ross*, 2012 WL 72703, at *2. This Court follows their lead and holds that Plaintiffs bear the burden of establishing proper venue. *See also* 14D Wright, Miller, & Cooper, *Federal Practice and Procedure*, § 3826 (3d ed. 2013) ("The position that probably represents the weight of judicial authority, is that, when an objection has been raised, the burden is on the plaintiff to establish that the district he or she has chosen is a proper venue").

**LAW AND ANALYSIS**

I.   <u>Motion for a More Definite Statement</u> (R. Doc. 23)

For the following reasons, the Court finds that Plaintiffs' Complaint satisfies the minimal pleading requirements of Rule 8. Accordingly, the Motion is denied.

ML&Co. argues that the Complaint filed on behalf of Plaintiffs is impermissibly vague,

5

because it fails to set forth any specific theory of recovery. Rather, Plaintiffs merely seek to recover from ML&Co. "under the applicable state and federal laws." (*See* R. Docs. 23; 1 at ¶XXI.) Plaintiffs counter that the Complaint sets forth causes of action against ML&Co. for failure to supervise a licensed security broker (Chaturvedi), breach of contract, and breach of fiduciary duty.

One of these causes of action—failure to supervise a licensed security broker—is pleaded with sufficient particularity as to satisfy the liberal pleading standards of Rule 8. In Paragraph XXI of the Complaint, under the subheading "RELIEF SOUGHT," Plaintiffs seek damages "as a result of [ML&Co.'s] failure to adequately supervise its employee broker and agent, Anil K. Chaturvedi." Given the allegations in the preceding paragraphs that Chaturvedi repeatedly failed to comply with Narinder Gupta's requests to terminate the Trust, Plaintiffs "set forth sufficient information to outline the elements of the claim or permit inferences to be drawn that these elements exist." *Grand Time Corp. v. Watch Factory, Inc.*, No. 3:08–CV–1770–K, 2010 WL 92319, at *5 (N.D. Tex. Jan. 6, 2010) (citing *Gen. Star. Indem. Co. v. Vesta Fire Ins. Co.*, 173 F.3d 946, 951 (5th Cir. 1999)). Whether Plaintiffs have pleaded facts sufficient to state a legally cognizable claim is a different issue—one that is more properly addressed in a motion to dismiss under Rule 12(b)(6).

The other two causes of action which Plaintiffs identify in their opposition memorandum —breach of contract and breach of fiduciary duty—are not explicitly stated in and cannot be reasonably inferred from the Complaint. As ML&Co. notes in its reply memorandum, the Complaint does not identify any contract between ML&Co. and Plaintiffs. In fact, the words

"contract" or "breach" do not appear anywhere in the Complaint. Similarly, the Complaint does not identify any duties—fiduciary or otherwise—that ML&Co. owes to Plaintiffs, much less how those duties were breached. Indeed, the phrase "fiduciary duty" is not present in the Complaint.

In sum, there is a noticeable difference between the allegations actually present in the Complaint, and those which Plaintiffs contend are present in the Complaint. The opposition memorandum to the instant Motion contains numerous factual allegations and at least two causes of action not present in the original Complaint. Moreover, there are several exhibits attached to the opposition memorandum, most of which Plaintiffs do not reference in the original Complaint.

The Court construes the new factual allegations and causes of action asserted in Plaintiffs' opposition memorandum as a motion to amend the complaint. *See Stover v. Hattiesburg Pub. Sch. Dist.*, 549 F.3d 985, 989 n.2 (5th Cir. 2008) (citing with approval cases in which the district court construed new allegations in opposition memorandum as motion to amend under Rule 15(a)); *Morin v. Moore*, 309 F.3d 316, 323 (5th Cir. 2002) ("This Court has held, that in the interest of justice a revised theory of the case set forth in the plaintiff's opposition should be construed as a motion to amend the pleadings filed out of time and granted by the district court pursuant to the permissive command of Rule 15") (*citing Sherman v. Hallbauer*, 455 F.2d 1236, 1241 (5th Cir. 1972)).

"The grant or denial of an opportunity to amend is within the discretion of the District Court." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Nonetheless, "Federal Rule of Civil Procedure

15(a) requires the trial court to grant leave to amend 'freely,' and the language of this rule 'evinces a bias in favor of granting leave to amend.'" *Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002) (quoting *Chitimacha Tribe of La. v. Harry L. Laws Co., Inc.*, 690 F.2d 1157, 1162 (5th Cir. 1982)).  "A district court must possess a 'substantial reason' to deny a request for leave to amend.'"[1] *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (quoting *Chitimacha*, 690 F.2d at 1162).  Because no such reason exists here, Plaintiffs are granted leave to amend their complaint within 20 days of the entry of this Order.

II.     <u>Motion to Dismiss, Compel Arbitration, or Transfer Venue</u> (R. Doc. 34)

Chaturvedi essentially seeks three remedies, each in the alternative.  First, Chaturvedi moves to transfer the above-captioned matter to the Southern District of New York.  Second, he moves to dismiss Plaintiffs' claims against him for failure to state a claim upon which relief can be granted.  Third, he seeks to compel arbitration under the CMA.[2]

The Court addresses each remedy separately.  For the following reasons, the Motion is denied.

---

[1] In deciding whether to grant leave under Rule 15(a), courts may consider factors such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." *Jones v. Robinson Prop. Grp., LP*, 427 F.3d 987, 994 (5th Cir. 2005) (citations omitted).

[2] Should the Court find arbitration appropriate, Chaturvedi appears to argue that Plaintiff's claims should be dismissed, or in the alternative stayed under 9 U.S.C. § 3.

A. *Whether this Matter Should be Transferred to the Southern District of New York*

Chaturvedi moves this Court under 28 U.S.C. § 1406(a) to transfer the above-captioned matter to the Southern District of New York.  For the following reasons, this Motion is denied as premature.

28 U.S.C. § 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  As is clear from the wording of the statute, "[a] prerequisite to invoking Section 1406(a) is that the venue chosen by the plaintiff must be improper."  14D Wright, Miller, & Cooper, *Federal Practice and Procedure*, § 3827 (3d ed. 2013).

Because none of the Defendants are residents of Louisiana, venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated."[3]  28 U.S.C. § 1391(b)(2).  Where, as here, a case involves multiple defendants and multiple claims, the plaintiff bears the burden of demonstrating that venue is proper for each claim and for each defendant.  *See Ross*, 2012 WL 72703, at *1–2 (citations omitted); *Burkitt v. Flawless Records, Inc.*, No. 03–2483, 2005 WL 6225822, at *3 (E.D. La. June 13, 2005) (citations omitted); *McCaskey v. Cont'l Airlines, Inc.*, 133

---

[3] Alternatively, if there is no such district, venue is proper in "any judicial district in which any defendant is subject to the court's personal jurisdiction."  28 U.S.C. § 1391(b)(3).

9

F. Supp. 2d 514, 523 (S.D. Tex. 2001) (citations omitted).

It follows, then, that Plaintiffs must establish that venue is proper in this District as to Chaturvedi with respect to each cause of action. Because, as discussed in the following Subsection, Plaintiffs may amend their Complaint to assert additional cause(s) of action against Chaturvedi, this Motion is premature. Chaturvedi may re-urge the Motion following the filing of an amended complaint or the expiry of the time period for Plaintiffs to file same, whichever occurs first.

B. *Whether Plaintiffs State Legally Cognizable Claims*

Chaturvedi moves this Court to dismiss Plaintiffs' claims against him for failure to state a claim upon which relief can be granted. For the following reasons, the motion is denied as premature.

Similar to the argument made by ML&Co., Chaturvedi contends the original Complaint fails to enumerate or articulate any causes of action against him. If Chaturvedi is unsure as to the legal theories asserted against him, a motion for a more definite statement under Rule 12(e) is the proper procedural vehicle for seeking clarification. *See* 5B Wright, Miller, & Cooper, *Federal Practice and Procedure*, § 1356 (3d ed. 2013) ("If the complaint is ambiguous or does not contain sufficient information to allow a responsive pleading to be framed, a motion under Rule 12(b)(6) is not appropriate; the proper remedy is a motion for a more definite statement under Rule 12(e)"); *accord Clark v. Amoco Prod. Co.*, 794 F.3d 967, 970 (5th Cir. 1986) ("Rule 12(b)(6) should not be

used as a substitute for a request for a more definite pleading within the meaning of Fed. R. Civ. P. 8") (citations omitted).

Nonetheless, citing Plaintiffs' opposition memorandum to ML&Co.'s Motion for a More Definite Statement, Chaturvedi contends that Plaintiffs assert claims for breach of contract and breach of fiduciary duty. It is those claims which Chaturvedi moves to dismiss in the instant Motion. Plaintiffs appear to assert a (third) new cause of action in their opposition memorandum to the instant Motion: fraud under the Securities Exchange Act of 1934.

As a preliminary matter, a Rule 12(b)(6) motion requires the court "to assess[] the legal sufficiency of the *complaint*." *Servicios Azucarerors de Venezuela, C.A. v. John Deere Thibodeaux, Inc.*, 702 F.3d 794, 806 (5th Cir. 2012) (emphasis added). In other words, the Court assesses the legal sufficiency of the claims actually asserted in the Complaint, not those which Plaintiffs allegedly assert in other documents filed in the record. As discussed in Section I of this Order and Reasons, the purported claims for breach of contract and breach of fiduciary duty are simply not present in the Complaint. Thus, until Plaintiffs amend their Complaint to assert those claims, Chaturvedi's motion to dismiss same is premature.

As Chaturvedi notes in his reply memorandum, Plaintiffs' newest claim—fraud under the Securities and Exchange Act of 1934—does not appear anywhere in the Complaint. For the reasons stated in Section I of this Order and Reasons, this Court construes a newly asserted claim in an opposition memorandum as a motion to amend the complaint under Rule 15. That motion is

granted and Plaintiffs may amend their complaint within 20 days from the entry of this Order. Chaturvedi may re-urge the Motion to Dismiss following the filing of an amended complaint or the expiry of the time period to file same, whichever occurs first.

    C.  *Whether Chaturvedi May Compel Arbitration*

Chaturvedi moves this Court to compel arbitration of Plaintiffs' claims against him.  Before addressing whether such claims are subject to arbitration, the Court first analyzes whether Chaturvedi is the proper party to compel arbitration under the CMA.  This inquiry bifurcates along the following lines: (1) whether Chaturvedi, as a non-signatory to the CMA, is entitled to invoke the arbitration agreement, and (2) whether Chaturvedi, as a non-signatory, may compel another non-signatory—Plaintiffs herein—to arbitrate.  The Court answers each inquiry in the negative.  Accordingly, the motion is denied.  Because Chaturvedi may not compel arbitration under the CMA, the Court does not address whether the instant dispute is subject to arbitration.

The Fifth Circuit has consistently recognized the strong federal policy favoring arbitration. *See, e.g.*, *Klein v. Nabors Drilling USA LP*, 710 F.3d 234, 236 (5th Cir. 2013) (citations omitted); *Banc One Acceptance Corp. v. Hill*, 367 F.3d 426, 429 (5th Cir. 2004) (citations omitted).  Thus, "in determining whether the dispute falls within the scope of the arbitration agreement, 'ambiguities . . . [are] resolved in favor of arbitration.'"  *Fleetwood Enters., Inc. v. Gaskamp*, 280 F.3d 1069, 1073 (5th Cir. 2002) (alterations in original) (quoting *Volt Info. Scis, Inc. v. Bd. of Trs. of Leland Stanford Junior Univ.*, 489 U.S. 468, 475 (1989)).

But whether a dispute is subject to arbitration is to be distinguished from the question of whether a particular party is entitled to compel arbitration. *Westmoreland v. Sadoux*, 299 F.3d 462, 465 (5th Cir. 2002). This follows from the fact that "[a]n agreement to arbitrate is a waiver of valuable rights that are both personal to the parties and important to the open character of our state and federal judicial systems—an openness this country has been committed to from its inception." *Id.*

i. *Whether Chaturvedi, as a Non-Signatory, May Compel Arbitration*

This Court applies federal substantive law when determining whether a non-signatory to an arbitration agreement can compel arbitration. *Green v. Service Corp. Int'l*, 333 F. App'x 9, 11 n.11 (5th Cir. 2009) (per curiam) (citations omitted). As a general rule, "an arbitration clause must be in writing and *signed by the party invoking it*" in order to be enforceable. *Westmoreland*, 299 F.3d at 465 (emphasis added) (citations omitted). The Fifth Circuit has held that in "rare circumstances" a non-signatory may compel arbitration under the doctrine of equitable estoppel. *See Weingarten Realty Investors v. Miller*, 661 F.3d 904, 912 (5th Cir. 2011) (internal quotation marks and citations omitted); *Westmoreland*, 299 F.3d at 465.

The Fifth Circuit has identified two such circumstances. *See Grigson v. Creative Artists Agency, LLC*, 210 F.3d 524, 527 (5th Cir. 2000). "First, when the signatory to a written agreement containing an arbitration clause must rely on the terms of the written agreement in asserting its claims against the nonsignatory." *Hill v. G E Power Sys., Inc.*, 282 F.3d 343, 349 (5th Cir. 2002)

13

(internal footnotes and citations omitted). "Second, when the signatory to the contract containing a arbitration clause raises allegations of substantially interdependent and concerted misconduct by both the nonsignatory and one or more of the signatories to the contract."[4] *Westmoreland*, 299 F.3d at 467 (internal footnotes and citations omitted).  "[E]quitable estoppel is much more readily applicable when the case presents both independent bases." *Grigson*, 210 F.3d at 527.

Neither of these bases is present in the instant matter.  With respect to the first, the Fifth Circuit and district courts within this Circuit have clarified that it is not enough that a signatory's claims merely "presume" the existence of a written agreement containing an arbitration clause or "touch" upon matters covered by that agreement.  See *Hill*, 282 F.3d at 349; *QPRO Inc. v. RTD Quality Servs. USA, Inc.*, 761 F. Supp 2d 492, 499–500 (S.D. Tex. 2011); *Vinewood Capital, LLC v. Sheppard Mullin Richer & Hampton, LLP*, 735 F. Supp. 2d 503, 512–13 (N.D. Tex. 2010); *Galtney v. KPMG LLP*, No. Civ.A. H05583, 2005 WL 1214613, at *5 (S.D. Tex. May 19, 2005).  Rather, the signatory "must rel[y] upon the *express terms* of the [contract] in asserting its claims." *Hill*, 282 F.3d at 340 (emphasis added).

The first basis is not present in this case for the following reasons.  As a preliminary matter, the first basis presupposes that the party against whom the non-signatory seeks to compel

---

[4] The Fifth Circuit has thus rejected Chaturvedi's argument that an employee is *ipso facto* entitled to enforce an arbitration agreement to which his employer is a party.  See *Westmoreland*, 299 F.3d at 466–67 ("[W]e agree with the First and Ninth Circuits that a nonsignatory cannot compel arbitration merely because he is an agent of one of the signatories . . . . If he seeks to compel arbitration, he is subject to the same equitable estoppel framework left to other nonsignatories").

arbitration is a signatory to the arbitration agreement.  Here, it is undisputed that Plaintiffs did not sign the CMA; only the signature of the Trust appears on the document.  But even if Plaintiffs were considered signatories, their claims against Chaturvedi do not rely upon the express terms of the CMA.  Indeed, the Complaint does not even mention the CMA, much less expressly invoke it as a basis for asserting claims against Chaturvedi.  At most, Plaintiffs' claims "presume" the existence of the CMA or "touch" upon matters covered therein.  As explained *supra*, however, this does not suffice to equitably estop a signatory from refusing to arbitrate.

The second basis for equitable estoppel is similarly unavailable as a means for compelling arbitration.  As with the first basis for equitable estoppel, the second presupposes that the party asserting claims has signed the arbitration agreement.  Furthermore, assuming *arguendo* that Plaintiffs signed the CMA, they do not raise allegations of "interdependent and concerted misconduct" by Chaturvedi and the only signatory to the contract—the Trust.  Indeed, the Trust is not a Defendant in this matter.[5]

      ii. *Whether Chaturvedi, as a Non-Signatory, May Compel Arbitration Against Another Non-Signatory*

As alluded to in the previous Subsection, the biggest obstacle to compelling arbitration is the fact that a non-signatory (Chaturvedi) seeks to compel to arbitration the claims of another non-signatory (Plaintiffs).  Indeed, there is little, if any, case law that would permit a non-signatory

---

[5] Although MLBT (the trustee) is a named Defendant, Plaintiffs do not allege "interdependent and concerted misconduct" between MLBT and Chaturvedi.

to compel arbitration against another non-signatory. *See Amstar Mortg. Corp. v. Indian Gold, LLC*, 517 F. Supp. 2d 889, 900 (S.D. Miss. 2007) ("[E]quitable estoppel has never been applied to compel a non-signatory to arbitrate with another non-signatory under these circumstances"); *American Personality Photos, LLC v. Mason*, 589 F. Supp. 2d 1325, 1331 (S.D. Fla. 2008) ("This Court has found no cases where one non-signatory has compelled another non-signatory to arbitrate a dispute"); *Barton Enters., Inc. v. Cardinal Health, Inc.*, No. 4:10 CV 324 DDN, 2010 WL 2132744, at *6 (E.D. Mo. May 27, 2010) ("[T]here is little authority for enforcing an arbitration provision between non-signatories") (citations omitted). More importantly, this Court is aware of no authority, nor has Chaturvedi provided any, that would permit the Court to compel arbitration under the circumstances of this case.

In declining to order arbitration, this Court is ever mindful of "the basic precept that arbitration 'is a matter of consent, not coercion.'" *Stolt–Nielsen S.A. v. Animalfeeds Int'l Corp.*, 130 S. Ct. 1758, 1773 (2010) (quoting *Volt Information*, 489 U.S. at 479)). The Court cannot compel arbitration pursuant to an agreement that neither Plaintiffs nor Chaturvedi signed without doing violence to this principle. *Cf. Amstar Mortg.*, 517 F. Supp. 2d at 900 n.14.

**CONCLUSION**

For the reasons previously stated, the instant Motions are DENIED. Plaintiffs may amend their Complaint within 20 days of the entry of this Order to allege with greater specificity the legal bases for their claims, the parties against whom these claims are asserted, and the facts which support recovery. Chaturvedi may re-urge his Motion to Dismiss and Motion to Transfer Venue following the filing of an amended complaint or the expiry of the time period for filing same, whichever occurs first.

New Orleans, Louisiana, on this 20th day of June, 2013.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**